# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

**TIMOTHY HUGH QUEEN**  **CIVIL ACTION NO. 10-1303**
    **# 54443**
  **SECTION P**
**VERSUS**
  **JUDGE MINALDI**

**PARISH OF CALCASIEU, ET AL**  **MAGISTRATE JUDGE KAY**

## REPORT AND RECOMMENDATION

Before the court is a *pro se* civil rights complaint filed by plaintiff Timothy Hugh Queen.

Doc. 1.  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and

Corrections (LDOC); he is incarcerated at Calcasieu Sheriff's Prison (CSP), Lake Charles,

Louisiana.  He complains that he was denied access to a law library/legal material, which caused

him to miss the deadline for filing a civil rights claims based on excessive use of force during his

arrest. Plaintiff names the following as defendants herein: Calcasieu Parish Sheriff Tony

Mancuso; Calcasieu Parish[1]; CSP Warden H. Gregory Tete; and CSP Chief Warden Vic

Salvador[2].  As relief plaintiff seeks compensatory and punitive damages.

---

[1] The parochial governing authority may not be held liable for a civil rights violation under a theory of respondeat superior or vicarious liability.  *See Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 691 (1978); *Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir.2003).  Local governing authorities can be found liable pursuant to 42 U.S.C. § 1983, only where the governing authority itself causes the constitutional violation at issue, for example, by establishing an unconstitutional policy or custom.  *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989).  To recover under these circumstances, a plaintiff must demonstrate "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or *custom*)." *Pineda v. City of Houston,* 291 F.3d 325, 328 (5th Cir.2002) *(citing Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.2001)).  Plaintiff 's complaint fails to allege such a violation against Calcasieu Parish and his claims against said defendant should be dismissed.

[2] Also, to the extent plaintiff names any defendant in a supervisory capacity, it is well settled that supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior. See Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992), *cert. denied*, 508 U.S. 951 (1993); *Jennings v. Joshua Indep. Sch. Dist.*, 877 F.2d 313 (5th Cir. 1989), *cert. denied*, 496 U.S. 935 (1990).  To be liable under § 1983, a supervisory official  must be personally involved in the act causing the alleged constitutional deprivation, or must have

-1-

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.  For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

## Procedural Background

Plaintiff  asked to be allowed to proceed *in forma pauperis* pursuant to the provisions of 28 U.S.C. § 1915, and on August 26, 2010, his motion was granted.  Doc. 3.  Further review of the United States Court records revealed that since his incarceration, Queen filed numerous civil rights lawsuits in the United States Courts, and, at least three of those complaints/appeals were dismissed as frivolous.[3]  In accordance with 28 U.S.C. §1915(g), this court revoked plaintiff's *in forma pauperis* status [Doc. 9], finding that petitioner did not make factual allegations to support a finding that he was "...in imminent danger of serious injury..."  On June 8, 2011, plaintiff payed the filing fee in full.

## Facts of Case

Plaintiff was arrested in Harris County, Texas, on August 10, 2007.  Doc. 1, p. 9.  During the arrest, plaintiff claims that he was the victim of excessive force.  Doc. 1, p. 10.  He was released from jail on or about August 29, 2007.  Doc. 1, p. 13.  Plaintiff consulted an attorney and was advised that he had until August 10, 2009, to file a civil suit based on his August 10, 2007, arrest.  Doc. 1, p. 14-15.

---

implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.  *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir.1998).  Plaintiff has named Wardens H. Gregory Tete and Vic Salvador as defendants but has not shown personal involvement in the act causing the alleged constitutional deprivation nor has he shown that the defendants implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. Plaintiff's claims against these defendants should be dismissed.

[3]See, *Queen v. Purser*, 4:03-cv-5288 (U.S. District Court, Southern District Texas (Houston) (Doc.#3); *Queen v. Harris County Texas, et al.*, 4:01-cv-1242 (U.S. District Court, Southern District Texas (Houston) (Doc.#11); and, *Queen v. Thomas*, 116 F.3d 475, 1997 WL 255558 (C.A.5 (Tex.))–appeal from *Queen v. Klevenhagen*, 4:93-cv-1349 (U.S. District Court, Southern District Texas (Houston) dismissed as frivolous. There, the Fifth Circuit cautioned plaintiff that any additional frivolous appeals filed by him would invite the imposition of

On November 19, 2008, plaintiff was arrested in Lake Charles, Louisiana, and was housed in the Calcasieu Sheriff's Prison.  Doc. 1, p. 15.  CSP is his current place of confinement. *Id*.  Plaintiff complains that prisoners at CSP can only get legal material via a cart delivery system.  *Id*.  Plaintiff states that beginning in December of 2008, he contacted various officers and defendants about the information that he needed but to no avail.  Doc. 1, p. 17-18.   He contends that the lack of access to the proper legal information/material caused him to miss the deadline for filing an excessive force claim regarding his arrest in Texas.  Doc. 1, p. 22.

## Law and Analysis

### 1.  Frivolity Review

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[4]  malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B)(i, ii, iii);  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).  A hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir. 1991).  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone.  *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.  *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).  Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim

---

sanctions and that he should review any pending appeals to ensure that they did not raise frivolous arguments.
    [4] A claim is frivolous if it lacks an arguable basis in law or in fact.  *Booker v. Koonce*, 2 F.3d 114, 115 (5th

if given yet another opportunity to add more facts to the complaint."    *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94,  97 (5th Cir. 1994).

### 2.  42 U.S.C. § 1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. § 1983.  Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable claim under §1983.   In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor.  *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

Plaintiff's original and amended complaints sufficiently establish his theories of liability and the court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose.

Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

### 3.  Access to Court Claim

Plaintiff claims that CSP had inadequate legal material and that he was denied access to information that he needed to pursue his civil lawsuit in Texas.  He states that he wrote to

Cir. 1993); *see Denton v. Hernandez*, 504 U.S. 25 (1992).

various CSP officers as well as the defendants herein, requesting specific information concerning excessive force claims.  He also requested court addresses in order to file his Texas suit.  In addition, plaintiff filed grievances concerning same.  He alleges that the actions of the defendants in failing to provide him with the requested legal material denied him meaningful access to the courts and in essence caused him to default on his Texas claims.

Plaintiff is correct in his assertion that prisoners are guaranteed the right of access to the courts by the United States Constitution.  However, in this action, plaintiff's claims do not rise to the level of a constitutional violation.

In *Bounds v. Smith*, 430 U.S. 817, 822 (1977), the Supreme Court held that prisoners have a fundamental constitutional right to "adequate, effective, and meaningful" access to the courts.  *See also Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997), cert. denied, 522 U.S. 995 (1997).  A prisoner's right of access is not unlimited, "[i]t encompasses only 'a reasonably adequate opportunity to file non frivolous legal claims challenging their convictions or conditions of confinement." *Id*. at 310-311, quoting *Lewis v. Casey*, 518 U.S. 343 (1996).

In *Lewis v. Casey*, the Supreme Court found that the right of access to the courts does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  518 U.S. at 355. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.  *Id*.  Further, prison officials have considerable discretion in choosing the mechanism and forms of assistance they will furnish to prisoners for the purpose of allowing prisoners to file non-frivolous legal claims.  *See Lewis*, at

-5-

2182 ("Of course, we leave it to prison officials to determine how best to ensure that inmates... have a reasonably adequate opportunity to file non-frivolous legal claims challenging their convictions or conditions of confinement").

"While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d at 821; *see also Lewis v. Casey*, 518 U.S. at 349-355; *Norton v. Dimazana*, 122 F.3d at 290; and *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir. 1996).  The Supreme Court in *Lewis*, explained that before an inmate may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate that he suffered "actual injury," i.e. that the denial of access "hindered his efforts to pursue a legal claim."  518 U.S. at 351; *see also McDonald v. Steward,* 132 F.3d 225, 231 (5th Cir.1998); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998) (without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chandler v. Baird*, 926 F.2d 1057, 1063 (5th Cir. 1991)(A civil rights claim cannot be based on "minor and short-lived impediments to access" in the absence of actual prejudice); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992), cert. denied, 504 U.S. 988 (1992) (If a litigant's position is not prejudiced by the claimed violation, his claim of denial of access to the courts is not valid).

Plaintiff has not demonstrated that he has been hindered in his ability to pursue a legal claim. In fact, plaintiff has a prolific filing history throughout his years of incarceration. The suits filed by plaintiff include not only Louisiana suits but ones filed in Texas as well, the very place that plaintiff claims his filing opportunity was foreclosed by defendants' actions. Accordingly, absent any cognizable injury or prejudice, plaintiff cannot raise a claim of denial of

access to the courts and his claims are recommended dismissed for failing to state a claim upon which relief can be granted. pursuant to 28 U.S. C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) & ( ii).

For the reasons discussed above, IT IS RECOMMENDED that this petition be DENIED and DISMISSED WITH PREJUDICE as frivolous and for failing to state a claim for which relief might be granted.     Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 3rd day of October, 2011.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE